UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-47-JBC

STANFORD USHER                                                                                    PLAINTIFF

VS:                       **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA; SCOTT MINOR;
RICK PRICE; MIKE HAMBY; JAMES W. BUCKNER, JR;
DOCTOR MICHAEL GROWSE;
THE DEPARTMENT OF JUSTICE;
THE FEDERAL BUREAU OF PRISONS; and
THE FEDERAL PRISON INDUSTRIES, INC.,                                      DEFENDANTS

The defendants have moved to dismiss this matter, R. 30; and the plaintiff, Stanford Usher, has moved for sanctions and an evidentiary hearing, R. 49. Because the Court finds that Usher's constitutional claims are time-barred and that his negligence claims are either pre-empted or are also time-barred, the court will grant the motion to dismiss and will deny Usher's motion.

PROCEDURAL HISTORY

Usher claims that while confined in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), and working in the UNICOR factory, he was wrongfully exposed to hazardous metals, toxic chemicals, and radiation.[1] He

---
[1] The BOP has established a work program, known as the FPI, through which qualified federal inmates are allowed the opportunity to participate in prison work programs. 28 C.F.R. § 345.10. Because the commercial or "trade" name of the FPI is UNICOR, most FPI factories or

1

alleges that he continues to suffer severe physical damage as a result of his alleged exposure to hazardous substances, and he demands compensatory damages of $75,000.00; punitive damages of $5 million; and injunctive relief preventing the BOP and UNICOR staff members from retaliating against him.

Usher has asserted claims of constitutional violations under 28 U.S.C. § 1331, pursuant to the doctrine set forth in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and negligence claims under the Federal Tort Claims Act, ("the FTCA") 28 U.S.C. §§ 1346(b), 2671-2680.

## FACTUAL BACKGROUND

Usher was at FMC-Lexington from October 30, 2003, until 2007. During that time, he worked in a variety of institution jobs. From March 24, 2005, to January 11, 2007, Usher worked in the UNICOR recycling plant, where he alleges that he was exposed to hazardous substances such as metals, toxic chemicals, and radiation during the processing of computers, monitors, and cathode ray tubes. On June 8, 2007, Usher began the BOP's administrative remedy process, set forth in 28 C.F.R. § 542.10-.19, by submitting a "Request for Administrative Remedy," (BP-9) to the Warden of FMC-Lexington. He claimed that he was in excellent health when he arrived at FMC-Lexington but that between May 11 and May 15, 2007, he began to experience adverse effects from the alleged hazardous exposure. He claimed that the alleged exposure at the UNICOR recycling plant caused his health to deteriorate and

---

shops are commonly referred to as "UNICOR."

complained of various medical conditions, such as rashes, lumps under the skin, pain in the knees and foot, flu-like stomach symptoms, swelling, skin blisters, bacterial MRSA infection, and respiratory problems.

After the Warden denied Usher's request for an administrative remedy on August 15, 2007, Usher appealed. In November of 2007, the BOP's Regional Director denied Usher's BP-10 appeal. On February 1, 2008, the BOP's National Inmate Appeals Coordinator denied Usher's BP-11 appeal, which was the final step in the BOP's administrative remedy process.

Usher filed the instant *Bivens* and FTCA Complaint on April 29, 2009. On June 22, 2009, Usher filed a Standard Form 95 (SF-95), seeking administrative recovery under the FTCA. He based his FTCA claim on the same facts he had asserted in his 2007 BOP administrative remedies and in his Complaint. On June 24, 2009, the BOP denied Usher's FTCA claim as untimely, finding that Usher had not submitted it within two years of the accrual of his claim, which he had alleged in the SF-95 as being May 17, 2005. The BOP explained that the FTCA's statute of limitations, set forth in 28 U.S.C. § 2401(b), had expired before Usher filed his Complaint.

## LEGAL ANALYSIS

The defendants argue that the applicable statute of limitations bars Usher's individual-capacity claims *Bivens* claims; that sovereign immunity bars his *Bivens* damage claims against the United States and the named federal agencies; that because the FTCA claims are barred by the applicable statute of limitations, this court lacks

3

subject-matter jurisdiction over them; and that the FTCA claims are pre-empted by another federal statute.   Because the defendants have included additional material in support of their motion and have relied upon materials extrinsic to the Complaint, the court may treat the motion as one for summary judgment under Federal Rule of Civil Procedure Rule 56.  *See* Fed. R. Civ. P. 12(d); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004); *Mays v. Buckeye Rural Elec. Co-op, Inc.*, 277 F.3d 873, 877 (6th Cir. 2002).

DISCUSSION
1.  Individual-Capacity *Bivens* Claims

Because all of Usher's claims arose in Kentucky, this state's one-year statute of limitations for asserting personal injury claims applies to Usher's constitutional claims.  *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008) (citing Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). The statute of limitations period runs from the date the claim accrued. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  In order to determine whether Kentucky's  one-year statute of limitation bars Usher's individual-capacity *Bivens* claims, the court must determine when Usher first knew, or had reason to know, that his alleged exposure to hazardous substances at the UNICOR plant caused his various medical problems.

Based on Usher's various written statements identified below, he either knew or should have known that his Eighth Amendment *Bivens* claims stemming from his UNICOR employment had accrued in 2005 or, at the latest, in 2007.  First, in Usher's

4

June 8, 2007, BP-9 "Request for Administrative Remedy," he stated:

> **I have been subjected to working in an unsafe environment, that has been giving me numerous health problems for the past twenty-two (22) months**. While employed in the UNICOR Recycle facility I have had skin rashes, swelling in my legs and feet, as well as coughing up of an unknown substance, shortness in breath, and frequent headaches, stomach and chest pain.

R. 1-2, p. 1 (emphasis added).

Twenty-two months prior to June 8, 2007, would have been August 8, 2005. Accepting as true Usher's statement above, he either knew, or should have known, in August of 2005 that his medical problems stemmed from his UNICOR work conditions.

Second, in § 6 of his June 22, 2009, FTCA administrative claim, Usher identified his initial date of injury as having been four years earlier, on "May 17, 2005." R. 30-7, p.1. Third, in his "Sur-Reply" filed in this action, Usher stated: "Not until a medical appointment with Dr. Growse **on August 10, 2007,** did Mr. Usher know that the illness that he was experiencing may have been caused by the hazardous chemicals ingested at UNICOR." R. 39, p. 3 (emphasis added).[2]

Rule 56 requires the entry of summary judgment for the moving party if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992). Where there is a complete

---

[2] Under this court's local rules, the non-moving party is not allowed to file a "Sur-Reply" absent leave of court. In light of Usher's *pro se* status, the court considers the filing.

failure of proof concerning an essential element of the nonmoving party's case, such as the statute of limitations bar of Usher's Bivens claims, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).

Further, Rule 56 requires the plaintiff to present "significant probative" evidence that supports his complaint and demonstrates the existence of a genuine issue of material fact. *Id*., at 324. This means sufficient evidence from which a jury could reasonably find for him. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). The court must then determine "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Celotex*, 477 U.S. at 251-52.

The evidence supporting dismissal of all of Usher's individual-capacity *Bivens* claims, based on the one-year statute of limitations, is so one-sided that no genuine issue of material fact could possibly exist under Rule 56. Usher's written statements indicate that as early as either May or August of 2005, Usher knew, or should have known, of a possible link between his medical problems and his UNICOR work conditions. He did not file this action until years later, on April 29, 2009.

Even assuming that Usher's *Bivens* claims accrued no earlier than the third specified date of August 10, 2007, when Dr. Growse allegedly informed him that his medical problems stemmed from his UNICOR employment, his Eighth Amendment *Bivens* claims would still be time-barred.

6

Pursuant to *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), a district court must toll the days when a prisoner is actively pursuing the BOP administrative remedy process. In this case, the administrative time period to be tolled for exhaustion would be between June 8, 2007 (the date on which Usher filed his first BP-9 request), and February 1, 2008 (the date on which BOP Central Office denied his BP-11 appeal). Usher was required to file suit on his Eighth Amendment *Bivens* claims in federal court within one year of February 1, 2008, on or before February 1, 2009. Usher did not file this action until April 29, 2009, almost three full months past Kentucky's one-year statute of limitations.

The defendants are thus entitled to judgment as a matter of law on this claim. Fed. R. Civ. P. 56(c); *Celotex Corporation v. Catrett*, 477 U.S. at 323. Accordingly, summary judgment will be entered for the defendants on this claim.

### 2. *Bivens* Damage Claims Against the United States, the BOP, and the DOJ

The doctrine of sovereign immunity precludes the recovery damages under *Bivens* against these defendants. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress has not waived sovereign immunity for constitutional torts. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). Because the principle of sovereign immunity applies equally to agencies of the United States, its agencies are also immune from suit in the absence of a waiver of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166

7

(1985);*Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). Accordingly, Usher cannot recover damages under *Bivens* against the United States, the BOP, the FPI, and the DOJ. Usher's *Bivens* claims seeking monetary damages from the United States, the BOP, the FPI, and the DOJ will thus be dismissed.

### 3. FTCA Claims

Usher's FTCA negligence claims are barred and pre-empted by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4), which provides the exclusive statutory compensation remedy for prisoners asserting industrial injury claims related to their UNICOR work.[3]

The IACA is the exclusive means of recovery for a federal prisoner injured in the performance of an assigned task while confined in a federal penitentiary. *United States v. Demko*, 385 U.S. 149, 151 (1966); *Fraley v. Department of Justice*, No. 95-5666, 113 F.3d 1234, 1997 WL 225495, (6th Cir. May 1, 1997) (Table). "*Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (internal quotation omitted). The United States has not waived sovereign immunity under the FTCA for inmates' work-related injuries. *Id*., at

---

[3] Under the IACA, the FPI is authorized to employ the fund provided for in § 4126 to pay claims which federal inmates employed "in any industry, or performing outstanding services in institutional operations," submit in connection with "injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." § 4126.

1045-46.

Since the IACA is the exclusive remedy through which federal inmates employed in UNICOR work programs can seek compensation, it preempts any FTCA claims Usher asserts and constitutes the exclusive remedy for his work-related injuries, including any post-injury medical claims. If Usher wishes to pursue his available IACA remedy, he must submit an IACA claim form within the time frame prescribed by 28 C.F.R. § 301.303(a). An inmate must complete and submit a claim form to the Institution Safety Manager for processing no more than 45 days prior to the date of his release, and no less than 15 days prior to that date. *Id*. According to the "Inmate Locator" feature of the BOP's website, www.bop.gov, Usher's projected release date is November 7, 2010.

Alternatively, in the unlikely event that Usher asserts any FTCA claims not pre-empted by the IACA, they suffer from other fatal defects warranting dismissal. The defendants argue that because Usher's FTCA claims are time-barred under 28 U.S.C. § 2401(b), the court lacks subject-matter jurisdiction over the claims. Specifically, they contend that Usher failed to timely exhaust his FTCA claims according to 28 U.S.C. § 2675(a) prior to filing this action on April 29, 2009.

Usher contends that he was precluded by statute from asserting FTCA claims in federal court until he had exhausted his other BOP remedies found in 28 C.F.R. §§ 542.10-19; that accordingly, his FTCA claims are not time-barred and that this court has jurisdiction over his FTCA claims. However, the FTCA's exhaustion requirement

9

cannot be satisfied by filing an administrative claim *after* the judicial complaint is filed. *McNeil v. United States*, 508 U.S. 106, 113 (1993),

The FTCA is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679.

A district court has subject-matter jurisdiction over an FTCA claim only if the claimant has presented a claim to the appropriate federal agency within two years of its accrual <u>and</u> commenced an action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2675(a)[4]; *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). The FTCA contains a strict statute of limitations that bars suit unless these two steps are taken. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).

When Usher commenced this action on April 29, 2009, he had not filed the prerequisite FTCA administrative remedy, the Standard Form 95 (SF-95). He did not submit the FTCA claim form until June 22, 2009, almost two months <u>after</u> he had filed suit. In it, Usher stated that his claims accrued on May 17, 2005, four years prior to the date on which he submitted his claim form. The BOP denied Usher's FTCA

---

[4] Administrative presentment requires that the claimant: (1) give written notice of the tort claim sufficient to permit the appropriate agency to investigate; and (2) state a sum certain. *Id*.

claims as untimely, stating that they had not been filed within two years of the May 17, 2005, accrual date.

When an FTCA claimant fails to file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *See*, *e.g.*, *McNeil*, 508 U.S. at 113. Here, Usher had neither submitted his FTCA administrative remedy form within the two-year period prescribed by § 2401(b) nor obtained the BOP's denial of that claim when he filed this action as required by 28 U.S.C. § 2675(a). Compliance with the FTCA's statutory conditions is a prerequisite to the jurisdiction of a federal court. *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982); *Garrett,* 640 F.2d at 25.

Usher's argument that he was unable to file an FTCA claim until he completed the BOP's other administrative remedy process, set forth in 28 C.F.R. § 542.10-19, lacks merit. A prisoner's attempt to pursue his FTCA claims has no bearing on whether or not he exhausted his *Bivens* claims. *Brockett v. Parks*, 48 F. App'x. 539, 541 (6th Cir. 2002). An FTCA claimant cannot establish proper and timely exhaustion of his FTCA claims by merely initiating or concluding the exhaustion process during the pendency of a prematurely filed suit. *McNeil*, 508 U.S. at 112-13. Under these facts, the court lacks subject-matter jurisdiction over Usher's unexhausted FTCA claims and they will be dismissed under Rule 12(b)(1).

Finally, Usher cites 18 U.S.C. § 4042 and a federal regulation, 28 C.F.R. §

541.10, which establish that the BOP has a duty to keep inmates safe.[5] This claim lacks merit.

Although correctional officials are expected to use "ordinary care" under § 4042 to protect prisoners from unreasonable risks, they are not required to provide them with a risk-free environment. *Fleishour v. United States*, 365 F.2d 126, 128-29 (7th Cir.), *cert*. *denied*, 385 U.S. 987 (1966). The BOP's duty under § 4042 is not absolute; it must be reasonable under the circumstances. *Flechsig v. United States*, 786 F.Supp. 646, 649-50 (E.D. Ky. 1991), *affm'd*, 991 F.2d 300 (6th Cir. 1993).

Furthermore, § 4042 does not prescribe a course of conduct that an officer must follow, concluding that the "relevant statute and regulations allowed BOP officials to exercise judgment when making decisions regarding [the inmate's] safety." *Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392, 396-97 (6th Cir. 2004). Usher's reliance on § 4042 is unavailing.

For the reasons set forth above, Usher has not alleged a set of facts under Fed. R. Civ. P. 56(c) supporting cognizable FTCA claims because they either are pre-empted

---

[5]

Title 18 U.S.C. § 4042 provides as follows, in relevant part:

(A)   In general.--The Bureau of Prisons, under the direction of the Attorney General, shall--
   (1) have charge of the management and regulation of all Federal penal and correctional institutions;
   (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
   (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;. . . .

by the IACA or, absent the pre-emption bar, they suffer from lack of subject-matter jurisdiction.

### 3. Usher's Motion for Sanctions and Evidentiary Hearing

Usher seeks either sanctions against the defendants or an evidentiary hearing to investigate two letters which Michelle Fuseymore, BOP Regional Counsel, sent to him on June 24, 2009. *See* R. 49-1, p. 2, and R. 49-2, p. 2. Usher claimed that one or both of her letters, which formally denied his FTCA claims, were fraudulent, deceptive and unauthentic. In both letters, Fuseymore stated that Usher's FTCA claim was being rejected because it was filed too late, *i.e.*, more than two years after May 17, 2005, which Usher identified as being the date his claims accrued. *Id*.

Usher noted that one of Fuseymore's two letters lacked a signature, and that her signature in her other letter was markedly different from her signature in an earlier letter she had sent to him almost two years before, on September 11, 2007. R. 40-3, p. 2. Usher noted other discrepancies among the three letters, such as the dropping of the letter "d" in his first name (Stanford), in one letter, but not in the other letters, and the fact that Fuseymore identified herself as Michelle "T." Fuseymore in one letter but omitted her middle initial in another letter.

Such minor typographical/word processing errors do not amount to actionable fraud which would, or should, require either sanctions or an evidentiary hearing. *See Sharpe v. Patton*, No. 0:08-CV-58-HRW, 2010 WL 227702, at *7 (E.D. Ky. January 19, 2010); *Brown v. Sheets*, No. 2:06-CV-448, 2007 WL 3024456, at *2 (S.D. Ohio

October 25, 2007). Substantively, Fuseymore's two June 24, 2009, letters clearly informed Usher that because he had waited too long to file his FTCA claims, the BOP was denying his claims on that basis. The lack of a signature on one letter is immaterial, as is the fact that Fuseymore dropped her middle initial from her signature between 2007 and 2009.

Usher's "motion" seeking sanctions appears to be yet a third, unauthorized opportunity to again argue or explain why his FTCA and/or *Bivens* claims are not barred by their respective statute of limitations. The court has concluded that Usher did not assert either his *Bivens* or FTCA claims in a timely manner and that they are barred. Although Usher may be trying to change or disclaim the fact that he identified "May 17, 2005," as the accrual date of his FTCA claim, that is the accrual date which he listed on his FTCA claim form, and that is the date which governs the disposition of his FTCA claim.[6]

Because the court has either dismissed all of Usher's claims under Rule 12(b) or entered summary judgment under Rule 56(c), it will deny as moot Usher's request for appointment of counsel.

## CONCLUSION

---

[6]

In one of Fuseymore's June 24, 2009 denial letters, R. 49-1, she stated that she had received Usher's FTCA claim on *August 26, 2008*, and identified that claim as Administrative Tort Claim No, 2009-0450. In her other letter of June 24, 2009, R. 49-2, Fuseymore stated that she had received Usher's FTCA claim on *June 22, 2009*, but assigned no number to the tort claim. Any confusion on this issue does not assist Usher. Even assuming that he submitted an FTCA claim on August 26, 2008 (versus June 22, 2009), Usher still prematurely filed suit on his FTCA claims almost two months *before* Fuseymore formally denied his claims on June 24, 2009.

14

Accordingly, **IT IS ORDERED** as follows:

(1) The defendants' "Motion to Dismiss," R. 30, is **GRANTED**.

(2) Usher's "Motion for Sanctions and Evidentiary Hearing," R. 49, is **DENIED**.

(3) This action is **DISMISSED WITH PREJUDICE** and Judgment shall be entered contemporaneously with this Order in favor of the Defendants.

Signed on September 15, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY